UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 2 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| JANET McCASKILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Consolidated Cases |
| v. ) | Civil Case No. 02-2305 (RJL) |
| ) | Civil Case No. 04-2229 (RJL) |
| BRUCE JAMES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(February 23, 2006) [#26, #10]

Plaintiff, Janet McCaskill, an employee at the Government Printing Office's Warehouse Division, filed Civil Action No. 02-2305 against defendant, Michael DiMario, Public Printer of the Government Printing Office, alleging that she was discriminated against on the bases of sex and race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1] . On December 17, 2002, Michael DiMario was dismissed as a defendant from the action and replaced by defendant, Bruce James, after defendant James had become the Public Printer of the Government Printing Office. Plaintiff filed the second

---

[1] In the EEOC Complaint that preceded the first cause of action plaintiff filed with this Court, plaintiff also alleged that she was discriminated against on the basis of age. However, plaintiff did not include a claim of age discrimination in Civil Action No. 02-2305. Therefore this issue will not be addressed in this memorandum, even though defendant addresses it in his Motion for Summary Judgment. Even if plaintiff's Complaint was to include a claim of age discrimination under the Age Discrimination in Employment Act ("ADEA"), plaintiff would not be able to establish a prima facie case. The individual who was hired in lieu of plaintiff was less than three months younger than the plaintiff, and to give rise to an inference of discrimination under ADEA the difference in age must be significant or substantial. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996).

1

action against defendant James, Civil Action No. 04-2229, alleging that her employer retaliated against her for her first employment discrimination action, also in violation of Title VII. The actions were consolidated under the earlier filed action on August 12, 2005. (Civil Action No. 02-2305 Dkt. 29; Civil Action No. 04-2229 Dkt. 11.) Presently before the Court are defendant's motion for summary judgment in Civil Action No. 02-2305 and defendant's motion to dismiss or, in the alternative, motion for summary judgment in Civil Action No. 04-2229. However, because the defendant presents material beyond the pleadings, both motions will be treated as motions for summary judgment. *See* Fed. R. Civ. P. 12(b).

Local Rule of Civil Procedure 7(b) provides that an opposing party has 11 days to file a memorandum in opposition to the motion and if such party fails to do so, the court may treat the motion as conceded. LCvR. 7(b). This rule is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). In *Fox*, the D.C. Circuit affirmed the District Court's holding that "because the plaintiffs failed to respond to the defendant's...motion, the court treats the motion as conceded and grants the motion." *Id.* (citations omitted). Whether to treat the motion as conceded under Local Rule of Civil Procedure 7(b) is highly discretionary; and our Circuit Court has itself noted that "where the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

In light of the fact that plaintiff failed to file an opposition to either of the defendant's motions, even when the Court issued an Order requiring her to do so or take the consequences of having them treated as conceded (*See* Civil Action No. 02-2305 Dkt. 30), the Court will treat both of defendant's motions as conceded. LCvR 7(b).

Therefore, in light of the concession and the Court's review of the motions, the relevant law cited therein, and the record, the Court finds in favor of the defendant and GRANTS [#26] defendant's motion for summary judgment, which was filed in Civil Action No. 02-2305, and GRANTS [#10] defendant's motion to dismiss or, in the alternative, motion for summary judgment, which was filed in Civil Action No. 04-2229. An appropriate Order will issue with this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge